# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-CV-1908 CDP |
| | ) | |
| CO1, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Self-represented plaintiff Joseph Michael Devon Engel (registration no. 1069055), an inmate at Missouri Eastern Correctional Center ("MECC"), brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon plaintiff's request for leave to commence this civil action without prepayment of the required filing fee.[1] For the reasons explained below, plaintiff's request will be granted. However, this action will be dismissed without prejudice for failure to state a claim upon which relief may be granted, and for being frivolous and malicious. *See* 28 U.S.C. § 1915(e)(2)(B).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month

---

[1] Plaintiff has not submitted a separate motion; however, after the "Certification and Closing" section of his complaint, plaintiff requests to proceed with his case without prepayment of fees and costs. ECF No. 1 at 1 ("Application to Proceed in District Court without Paying Fees or Costs."). The Court will construe this as a motion for leave to proceed *in forma pauperis*, or without prepayment of fees and costs.

period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Liberally construed, plaintiff can be understood to ask the Court to grant him leave to commence this action without prepayment of the required filing fee.  *See* ECF No. 1 at 1.  Although he has not filed a certified account statement in this case, plaintiff states that he gets $5.00 a month.  *Id.*  As such, the Court will grant plaintiff leave to proceed *in forma pauperis* in this action and will assess an initial partial filing fee of $1.00.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").  Any claim that plaintiff is unable to pay $1.00 must be supported by a certified copy of his inmate account statement that details his inmate account for the six-month period immediately preceding the filing of the complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered

within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action as factually frivolous if the facts alleged are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke,* 490 U.S. at 327). Allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional." *Id.* (quoting *Neitzke*, 490 U.S. at 325, 327, 328). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken with the intent to harass or if it is part of a longstanding pattern of abusive and repetitious lawsuits. *See Lindell v. McCallum*, 352 F.3d 1107,

1109 (7th Cir. 2003); *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See also Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (discussing that when determining whether an action is malicious, the Court need not consider only the complaint before it but may consider the plaintiff's other litigious conduct).

## Background

Plaintiff is a prisoner and a frequent filer in the United States District Court for the Eastern District of Missouri over the last few months, having initiated over 130 civil actions. As of December 21, 2020, at least three of plaintiff's civil actions were dismissed for one of the reasons enumerated in 28 U.S.C. § 1915(e). *See Engel v. Governor of Missouri*, No. 1:20-cv-217-HEA (E.D. Mo. dismissed Dec. 15, 2020); *Engel v. United States of America*, No. 4:20-cv-1742-MTS (E.D. Mo. dismissed Dec. 18, 2020); *Engel v. Missouri Courts*, No. 4:20-cv-1258-SPM (E.D. Mo. dismissed Dec. 21, 2020). Therefore, for cases filed December 22, 2020 and after, plaintiff is subject to the Prison Litigation Reform Act of 1996, 28 U.S.C. § 1915(g), which limits a prisoner's ability to proceed *in forma pauperis*, or without prepayment of fees and costs. However, this case was filed by plaintiff around December 11, 2020, before he received his third 28 U.S.C. § 1915(e)(2)(B) dismissal.

## The Complaint

When plaintiff filed the complaint in this matter, he was incarcerated at Eastern Reception, Diagnostic and Correctional Center ("ERDCC") in Bonne Terre, Missouri. Plaintiff has since been transferred to Missouri Eastern Correctional Center ("MECC"). Plaintiff seeks relief in this matter under 42 U.S.C. § 1983 against forty (40)[2] defendants, including: (1) CO1; (2) CO2; (3) Sg.; (4) Lt.; (5) Captain; (6) Corporal; (7) FUM; (8) Caseworker; (9) Caseworker; (10) Asst.

---

[2] There are inconsistencies in the complaint as to the number of defendants. In the caption of his complaint, plaintiff states that there are 40 defendants. ECF No. 1 at 1. However, in section "B" of his complaint, plaintiff states that there are 44 defendants and refers to the listing on the "front page." *Id.* The defendant list provided on the attached page contains 40 defendants, and that is the list referred to in this Order. *Id.* at 2.

- 4 -

Superintendent; (11) Asst. Warden; (12) Warden; (13) ERDCC; (14) CCA; (15) IPO ERDCC; (16) IPO Supervisor; (17) Asst. Director P&P; (18) Director P&P; (19) MODOC; (20) MODOC Asst. Directors; (21) Director; (22) Asst. Att General; (23) Lt. Governor; (24) Governor; (25) Senator; (26) Senator; (27) House Rep Missouri; (28) Corizon Health Care; (29) Corizon Director; (30) Corizon Asst. Director; (31) Corizon Asst. Superintendent; (32) Corizon ERDCC; (33) Corizon Supervisor; (34) Corizon RN; (35) Corizon LPN; (36) Corizon CNA; (37) Corizon Med tec; (38) Corizon Chronic Care; (39) Corizon Nurse Practitioner; and (40) Corizon Doctor.  ECF No. 1 at 2.

Plaintiff, who describes himself as a sovereign citizen, prepared his handwritten complaint on two sheets of notebook paper.  The allegations of his complaint, which pertain to his confinement while at ERDCC, are as follows:

> This is in regards to medical having and DOC having a Quarantine Wing in 7 House with 3 other wings of people that don't have coronavirus[.] They put [our] lives and CO's lives in danger that [we're] down here.

*Id.*

As for injuries suffered, plaintiff states: "Freedom," mental health, physical health, and trauma mentally.  *Id.* at 1.  For relief, plaintiff requests a specific dollar amount from each of the named defendants, which altogether totals approximately 291,400 trillion dollars.  *Id.* at 2.  He also requests: "tablets in hole, full clothing in hole, smoking in MODOC," shares in four automobile companies, and 10,000 stocks in various corporations and commodities.  *Id.*

### Discussion

Having carefully considered the instant complaint, as well as plaintiff's recent history of engaging in abusive litigation practices, the Court finds this case subject to dismissal under 28

U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted, and for being frivolous and malicious.[3]

"The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones, and ... 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.' " *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) and then *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). The United States Supreme Court has determined that prisoners have a protected liberty interest in avoiding conditions of confinement that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). To establish a conditions of confinement claim under the Eighth Amendment, a prisoner must demonstrate (1) that the alleged deprivation was "objectively, sufficiently serious" to result in the "denial of the minimal civilized measure of life's necessities," and (2) that the defendant whose act or omission caused the alleged constitutional deprivation behaved with "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (internal quotations and citations omitted); *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004).

Liberally construing the allegations of the complaint, plaintiff seems to be alleging that it is a violation of his rights for ERDCC to have a quarantine wing for COVID-19 positive patients in the same house of ERDCC where there are three other wings that contain inmates who do are not COVID positive. The fact that ERDCC is separating and quarantining COVID positive

---

[3] As an initial matter, the Court notes that plaintiff's alleged status as a sovereign citizen does not excuse him from meeting basic pleading requirements or satisfying the standard of 28 U.S.C. § 1915(e)(2). *See* ECF No. 1 at 2 (plaintiff states at the top of the page: "I'm sourvin citizn.") Claims of a "sovereignty" nature completely lack merit and have been summarily rejected as frivolous by the Eighth Circuit Court of Appeals and other federal courts. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (characterizing as frivolous an appeal in tax case challenging government's jurisdiction over "sovereign citizen"); *United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (collecting cases rejecting claims of individual sovereignty including claims of a "sovereign citizen" or a "secured-party creditor").

patients indicates that the prison is not being deliberately indifferent to the needs of the inmates that are not positive.  The Court finds that this housing arrangement does not result in a denial of the minimal civilized measure of life's necessities from deliberate indifference to plaintiff's health and safety.  Plaintiff's allegations fail to state a claim for deliberate indifference under the Eighth Amendment.

Moreover, the Court notes that plaintiff does not allege that he contracted COVID-19 from this housing arrangement at ERDCC.  The Prison Litigation Reform Act ("PLRA") states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."  42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a de minimis physical injury.").  Plaintiff claims no actual physical injury and seeks relief for the injuries of "Freedom," mental health, physical health, and trauma mentally.  ECF No. 1 at 1.  Although he generally alleges some physical health problem, plaintiff does not describe or name a specific ailment or injury and he does not allege any connection between the injury and the quarantining situation.

However, according to the Supreme Court, a prisoner's deliberate indifference claim based on likely future harm caused by a current condition of confinement is actionable.  *Helling*, 509 U.S. at 33.  In *Helling v. McKinney*, involving potential future harm to an inmate based on exposure to secondhand smoke from his smoking cellmate, the Court stated: "We would think that a prison inmate also could successfully complain about … exposure of inmates to a serious, communicable disease on the ground that the complaining inmate shows no serious current symptoms."  *Id.*  As such, the Eighth Amendment does protect against future harm to inmates.

In this case, plaintiff complains about COVID-19 – a serious, communicable disease. However, since the COVID-19 worldwide pandemic was declared last year, much has been learned about the disease. According to the Centers for Disease Control and Prevention, a person who has been in close contact with someone who has COVID-19, should quarantine for a period of 14 days while monitoring for symptoms of the disease. *See COVID-19: When to Quarantine*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html (last visited Mar. 16, 2020). Therefore, unlike exposure to secondhand smoke which could cause damage to your health which may not become apparent for years to come, whether a person has contracted COVID-19 should be apparent within two weeks of exposure to the positive case.

Plaintiff filed this case in December 2020. He does not claim to have tested positive for COVID-19; he only alleges that the method of quarantining COVID inmates at ERDCC was unsafe. Sometime around early February 2021, plaintiff was moved to MECC. Obviously, once plaintiff was no longer at ERDCC, he was no longer exposed to the allegedly dangerous housing situation. Plaintiff has now been at MECC for over a month and there is no evidence that plaintiff contracted COVID from the ERDCC housing arrangement. Plaintiff's allegations are wholly conclusory and completely lacking in any factual support. Plaintiff's complaint fails to state a claim upon which relief may be granted.

In addition, plaintiff does not mention any of the forty defendants by name in his allegations or connect any named defendant (or any employee of a named defendant) with any specific action in the allegations of his complaint. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). Also, plaintiff does not allege,

with any specificity, that any of the defendants did anything to violate his rights.  *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

Furthermore, this action is also subject to dismissal as factually frivolous because plaintiff's allegations lack an arguable basis in either law or in fact.  In the complaint, plaintiff alleges he is entitled to recover trillions of dollars in damages from forty defendants, for a claim that entirely lacks factual support.  Such demands and allegations rise to the level of the irrational or wholly incredible.  The Court therefore concludes that plaintiff's allegations and requested relief are "clearly baseless" under the standard articulated in *Denton.*  504 U.S. 25, 31 (1992).

Finally, this action is also subject to dismissal as malicious.  Plaintiff has submitted to this Court an astonishing number of civil complaints, in a short period of time, composed in roughly the same factually unsupported and disjointed manner, against basically the same group of governmental entities or employees of these entities.  Plaintiff submits the pleadings in bulk and specifies that he intends each set of pleadings to be docketed as an individual civil action.  The Court has received multiple envelopes containing more than ten (10) cases from plaintiff in the past month.  The nature of those pleadings and plaintiff's claims for damages are roughly the same as those in the instant action.  It therefore appears that this action is part of an attempt to harass these defendants by bringing repetitious lawsuits, not a legitimate attempt to vindicate a cognizable right.  *See Tyler*, 839 F.2d at 1292-93 (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits); *Spencer v. Rhodes*, 656 F. Supp. 458,

461-64 (E.D. N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right).

Having considered the instant complaint, as well as plaintiff's recent history of engaging in abusive litigation practices, the Court concludes that it would be futile to permit plaintiff leave to file an amended complaint in this action. The Court will therefore dismiss this action under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted, and for being frivolous and malicious. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request to proceed *in forma pauperis* in this action is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within **twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief can be granted and for being frivolous and malicious.

**IT IS FURTHER ORDERED** that to the extent plaintiff's complaint also seeks appointment of counsel in this matter, such request is **DENIED as moot**.

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 30th day of March, 2021.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE